IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-mc-1-N-BN |
| | § | |
| SHEPHERD RETAIL, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| BEN E. KEITH COMPANY, | § | |
| | § | |
| Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Third Party Ben E. Keith Company ("BEK") has filed a Motion to Quash Subpoena and for Protective Order, *see* Dkt. No. 1 (the "Motion to Quash"), which United States District Judge David C. Godbey has referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 3. Respondent Buc-ee's, Ltd. ("Buc-ee's") has filed a response to the Motion to Quash. *See* Dkt. No. 7.

The Motion to Quash relates to a subpoena (the "Subpoena") issued by the United States District Court for the Southern District of Texas (the "issuing court") and served on non-party BEK by Buc-ee's in connection with a case that Buc-ee's filed against several related defendants in the Houston Division of the United States District Court for the Southern District of Texas, styled *Buc-ee's, Ltd. v. Panjwani*, No.

4:15-cv-3704 (S.D. Tex.) (the "underlying litigation"). The Subpoena required BEK to designate a corporate representative to appear and testify on January 4, 2017 at the offices of Buc-ee's counsel in Dallas, Texas. *See* Dkt. No. 1-1. Trial of the underlying litigation is scheduled to begin on January 24, 2017, and the presiding judge in the underlying litigation (the "Houston Court") entered an Amended Scheduling / Docket Control Order that required discovery to be completed by December 21, 2016. *See id.*

BEK properly filed its Motion to Quash in this Court, which, as required by Federal Rule of Civil Procedure 45(d)(3), is the court in the district where compliance with the subpoena is required. *See id.*

But Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).

The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer

>  is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*

As the first ground for its Motion to Quash, BEK notes that, "[d]espite the close of discovery on December 21, ... Buc-ee's sought and obtained leave of Court to conduct a deposition after the close of discovery" but that "[n]o motion was ever filed by Buc-ee's requesting permission of the Court to conduct its deposition of non-party BEK after the close of discovery," even though "a deposition scheduled to be taken after the close of discovery would also be untimely" under the Houston Court's scheduling order. Dkt. No. 1 at 4, 6. But Buc-ee's reports in its response (and a review of the docket in the underlying litigation confirms) that Buc-ee's has now filed a motion "for another extension for this deposition" of BEK. Dkt. No. 7 at 2. That motion is pending before the Houston Court, and Buc-ee's has requested expedited briefing.

The Court is persuaded that *sua sponte* transfer of the Motion to Quash to the Houston Court is appropriate here under Rule 45(f) based on exceptional circumstances. BEK's first ground for quashal is based on the scheduling order in the underlying litigation, and the Houston Court is now considering a motion to permit out-of-time discovery for this deposition that would resolve that issue.

Secondarily, BEK's other grounds for quashal turn on the relative importance of the requested deposition to the trial of the case – set to begin in only two weeks – as weighed against the burden to BEK's preparing and presenting a representative for a deposition. *See* Dkt. No. 1 at 7-9. As a general matter, on the eve of trial, the Houston

-3-

Court presumably has more familiarity with the overall course and scope of discovery in the underlying litigation on which that ground for the Motion to Quash turns. And BEK's Motion to Quash further asserts as a ground for quashal that "Buc-ee's demand in its subpoena to take a corporate deposition of a non-party at its counsel's office in Dallas, despite its knowledge that the principal office of the relevant and knowledgeable corporate representative is located in San Antonio, more than 100 miles away, represents an undue burden under clear precedent." Dkt. No. 1 at 8. This is not a case of a local non-party wanting its subpoena-related motion resolved in its home district. Indeed, BEK's counsel, who is located in San Antonio, was granted leave to appear telephonically for oral argument. *See* Dkt. No. 6.

The Court is presented here with exceptional circumstances in which transfer is warranted to avoid disrupting the issuing court's (that is, the Houston Court's) management of the underlying litigation and in which those interests outweigh whatever interests that BEK may have resolution of the Motion to Quash in this district in which neither BEK nor its counsel is located and whatever relatively minimal relative burden BEK may face in litigating the Motion to Quash before the Houston Court as opposed to this Court.

## Conclusion

The Court *sua sponte* ORDERS, under Federal Rule of Civil Procedure 45(f), that Third Party Ben E. Keith Company's Motion to Quash Subpoena and for Protective Order [Dkt. No. 1] is transferred and remitted to the Houston Division of the United

States District Court of the Southern District of Texas for determination in connection with the underlying litigation, *Buc-ee's, Ltd. v. Panjwani*, No. 4:15-cv-3704 (S.D. Tex.).

The Court CANCELS the oral argument set for Wednesday, January 11, 2017, at 2:00 p.m., and the Clerk of the Court is directed to close this matter after transfer of the Motion to Quash Subpoena and for Protective Order .

SO ORDERED.

DATED: January 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE